IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02973-SKC-STV

TATIANA FEIGENBLATT-BLAZQUEZ,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, and
DOMINICK SALINAS

      Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (DKT. 33)

---

Now before the Court is the Recommendation (Dkt. 33) of Magistrate Judge Scott T. Varholak, which addresses Plaintiff Tatiana Feigenblatt-Blazquez's Rule 12(f) Motion to Strike Defendant Dominick Salinas' Common Law Immunity Affirmative Defense (Motion) (Dkt. 19). The Recommendation suggests the undersigned deny the Motion because, resolving any doubts in favor of non-movant Defendant Salinas, Plaintiff fails to demonstrate the unavailability of the defense is "adequately settled and undisputed to justify striking the affirmative defense at this point." Dkt. 33 at p.7.

1

As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation. The Recommendation is incorporated herein.

## BACKGROUND

This action centers around various federal and civil rights claims brought by Plaintiff related to an incident between Defendant Salinas, a Denver police officer, and herself in which Defendant Salinas told her she was under arrest, detained her, and later gave her a ticket for interference. *See generally* Dkt. 3. Plaintiff brings several claims under Colo. Rev. Stat. § 13-21-131 for alleged violations of the Colorado constitution—claims resulting from Colorado's Enhanced Law Enforcement Integrity Act (the Act). *Id.* at pp.10-13; Dkt. 33, p.4-5. In Defendants' Answer, they assert an affirmative defense that Defendant Salinas is entitled to common law immunity from Plaintiff's Colorado constitutional claims. Dkt. 14, p.18.

Plaintiff filed her Motion under Rule 12(f) arguing the Act eliminated the common law public official immunity doctrine for claims brought under it, and thus Defendant Salinas' defense should be stricken. Dkt. 19. Defendants filed their Response (Dkt. 24), and Plaintiff filed her Reply (Dkt. 25). Judge Varholak issued his Recommendation on May 20, 2024. Dkt. 33.

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's

consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendation by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Varholak astutely summarizes the disfavored nature of Rule 12(f) motions and thoroughly considers the parties' competing arguments. He judiciously reasons that, at this stage of the litigation and based upon the development of the law at this time, Plaintiff has failed to carry her burden under Rule 12(f). *Id.* He thus recommends the Motion be denied.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct

application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and DENIES the Motion, without prejudice.

DATED: July 15, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

4