IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02973-SKC-STV

TATIANA FEIGENBLATT-BLAZQUEZ,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a Colorado municipality; and
DOMINICK SALINAS, in their official and individual capacity;

    Defendants.

## MINUTE ORDER TO SHOW CAUSE

**United States District Judge S. Kato Crews**

    Plaintiff originally filed this case in state court until Defendants removed it claiming this Court has original jurisdiction over this matter under 28 U.S.C. § 1331. The Complaint's First, Second, and Third Claims for Relief all arise under Colo. Rev. Stat. § 13-21-131 and allege violations of the Colorado Constitution only. Dkt. 3, ¶¶115-49. The Fourth Claim for Relief, however, alleges a claim under 42 U.S.C. § 1983 against Denver under a theory of municipal liability, otherwise known as a *Monell* claim. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); Dkt. 3, ¶¶150-60. Defendants removed this case based on the purported *Monell* claim. Dkt. 1, ¶6 ("Here, Plaintiff's claims against Denver are *rooted in* municipal liability theories[.]") (emphasis added); ¶7 ("The above allegations clearly invoke 42 U.S.C. § 1983 as the basis for the *theory* of relief against Denver.") (emphasis added).

    Significantly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the *United States*[.]" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (discussing the state action requirement of a § 1983 claim and stating "'the conduct allegedly causing the deprivation of a *federal right*' must be 'fairly attributable to the State.'") (emphasis added) (quoting

1

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Under *Monell*, where the actions of a municipality's officers do not rise to the level of federal constitutional violation there is no municipal liability. *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1191 (10th Cir. 2020) ("to hold a municipality liable under § 1983, 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and *the deprivation of federal rights*.'" (emphasis added) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997)).

The problem here is Plaintiff's First, Second, and Third Claims for Relief allege only that the defendant officer violated the state constitution. There are no claims based on alleged violations of the United States Constitution. Dkt. 3, ¶¶115-49. While Plaintiff's Fourth Claim for Relief might sound in a theory of municipal liability, it does not actually assert a *Monell* claim because it does not plead in the First, Second, or Third Claims for Relief any violations of a federal right. And while municipal claims are not cognizable under § 13-21-131, they are also not cognizable in federal court without express allegations of the violation of federal rights.

The Court is duty-bound to police its own jurisdiction. And it is suspect of the parties' respective attempts—Plaintiff in the Complaint and Defendants with their removal—to invoke *Monell* with only state constitutional provisions as the predicate constitutional violations. While Colorado courts may look to federal law for purposes of *analyzing* similar state constitutional provisions, the Court does not believe this is the same as a plaintiff asserting violations of the United States Constitution in their complaint, particularly in a single officer case like this one.

The Complaint fails to allege any predicate violations of the United States Constitution. This suggests there is no federal question for purposes of this Court's original jurisdiction. For these reasons, the Court **HOLDS IN ABEYANCE** any ruling on Plaintiff's Motion for Partial Summary Judgment (Dkt. 54) and Defendants' Partial Cross Motion for Summary Judgment (Dkt. 56). The parties are **ORDERED TO SHOW CAUSE** in writing on or before **October 21, 2025**, why this matter should not be remanded to state court for lack of subject matter jurisdiction.

DATED: September 30, 2025